T.C. Memo. 2008-213

UNITED STATES TAX COURT

PAUL L. AND CARYN ANN BRECHT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11470-07L.            Filed September 15, 2008.

Daniel A. Uribe, for petitioners.

Kim-Khanh Thi Nguyen, for respondent.


MEMORANDUM OPINION

MARVEL, Judge:  This matter is before the Court on
respondent's motion for summary judgment filed under Rule 121.[1]

_____

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code.

## Background

This is an appeal from respondent's determination upholding the use of a levy to collect petitioners' unpaid Federal income tax liabilities for 2000, 2001, and 2002. Petitioners resided in California when the petition was filed.

Respondent determined deficiencies, additions to tax, and penalties with respect to petitioners' 1999, 2000, 2001, and 2002 Federal income tax and issued a notice of deficiency for those years. In response petitioners timely filed a petition with the Court at docket No. 22876-04 disputing respondent's determination. Appeals Officer Kevin Foist (Appeals Officer Foist) was assigned to review petitioners' case at docket No. 22876-04. On June 15, 2005, Appeals Officer Foist met with two of petitioners' representatives, Robert A. Concolino (Mr. Concolino) and an unenrolled representative. At the meeting petitioners' representatives requested a full abatement of interest and penalties. Appeals Officer Foist responded that "it was unlikely that the interest would ever be abated."

On August 5, 2005, Appeals Officer Foist sent Mr. Concolino a letter enclosing a proposed decision document in docket No. 22876-04. The letter stated:

> If you owe the Internal Revenue Service, the enclosed decision document does not include interest. By law, interest accrues from the due date of the return. If you wish to stop or reduce interest on part or all of the taxes, you can submit an advance payment * * * along with your decision document * * *. The estimated

total amount you owe as of June 30, 2005 is shown in the enclosed audit statement.

The letter also enclosed a statement estimating the total penalties and interest if petitioners paid the deficiencies by June 30, 2005 (June 30, 2005, statement).

On August 15, 2005, petitioners signed the proposed decision document in docket No. 22876-04. On September 26, 2005, the Court entered the decision in docket No. 22876-04 (stipulated decision). In the stipulated decision, the Court ordered and decided that petitioners were liable for Federal income tax deficiencies, additions to tax, and section 6662 penalties for 1999, 2000, 2001, and 2002. The stipulated decision that the Court entered contained the following statement: "It is further stipulated that interest will be assessed as provided by law on the deficiencies & penalties due from petitioners."

On February 27, 2006, respondent assessed the deficiencies, additions to tax, penalties, and interest for 2000-02[2] in accordance with the stipulated decision. On April 11, 2006, Mr. Concolino sent Appeals Officer Foist a check dated March 13, 2006, for $139,979.80, representing "the total amount as set forth on the Decision of the United States Tax Court dated

---

[2]We assume that respondent also assessed petitioners' 1999 tax liability (including the addition to tax, penalty, and interest), but we do not have a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 1999 in the record.

September 26, 2005". The amounts set forth in the stipulated decision consisted of the tax deficiencies, additions to tax, and penalties for 1999-2002, but not interest. Appeals Officer Foist acknowledged receipt of the check.

On June 17, 2006, respondent sent petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice) in which respondent stated his intent to levy to collect petitioners' unpaid 2000, 2001, and 2002 tax liabilities.[3] Petitioners timely submitted Forms 12153, Request for a Collection Due Process Hearing, for those years, which stated only that the "amount due was paid".

On January 10, 2007, petitioners participated in a face-to-face section 6330 hearing with Appeals Officer Teresa Peck (Appeals Officer Peck). At the hearing petitioners argued only that they paid the amounts due pursuant to the stipulated decision. Petitioners did not propose a collection alternative or submit any financial information on which Appeals Officer Peck could have evaluated potential collection alternatives.

On January 10, 2007, Appeals Officer Peck sent petitioners a letter explaining that the parties had agreed to the penalties in the stipulated decision and that the decision contained an acknowledgment that interest would be assessed. She also

---

[3]The notice does not cover 1999 presumably because respondent applied petitioners' payment to satisfy the 1999 tax liability in full.

explained that petitioners could not request a redetermination of the interest because they did not file a timely motion for redetermination of interest under section 7481(c).[4]  On March 27, 2007, Ronald J. Channels (Mr. Channels), on behalf of petitioners, replied to Appeals Officer Peck that petitioners had paid the amount stated in the stipulated decision and that respondent erred in assessing interest on petitioners' 1999-2002 income tax deficiencies, additions to tax, and penalties.  Mr. Channels requested an explanation of respondent's interest calculation.  On April 4, 2007, Appeals Officer Peck sent petitioners a response letter and attached several interest and penalty detail reports, the June 30, 2005, statement with handwritten notes, and Notice 746, Information About Your Notice, Penalty and Interest.

On April 16, 2007, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining respondent's proposed collection actions for 2000, 2001, and 2002.  On May 22, 2007, petitioners' petition was filed.  In their petition petitioners challenge only respondent's assessment of interest on the 2000-02 income tax deficiencies, additions to tax, and penalties.

---

[4]Sec. 7481(c) provides generally that a taxpayer may file a motion in the Court for a redetermination of interest within 1 year after the date the Court's decision becomes final.

On April 17, 2008, we issued petitioners a notice setting their case for trial during the Court's September 22, 2008, Los Angeles, California, trial session. On July 23, 2008, respondent filed the motion for summary judgment. On August 20, 2008, petitioners filed their response.

## Discussion

### I. Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of establishing that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The nonmoving party, however, cannot rest upon the

allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Dahlstrom v. Commissioner, supra at 820-821.

II.   Section 6330

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.  If the person makes a request for a hearing, a hearing shall be held before an impartial officer or employee of the Internal Revenue Service Office of Appeals.  Sec. 6330(b)(1), (3).  At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer may contest the existence or amount of the underlying tax liability at the hearing if the taxpayer did not receive a notice of deficiency for the tax liability in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must determine whether the proposed levy action may proceed.  The Appeals Office is required to take into consideration:  (1) Verification presented by the Secretary that the requirements of applicable

law and administrative procedures have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action.  Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by the Appeals Office in connection with the section 6330 hearing.  Where the underlying tax liability is not in dispute, the Court will review the determination of the Appeals Office for abuse of discretion.  Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000).  An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioners' only argument throughout the section 6330 hearing process was directed to the interest assessed in connection with the 2000-02 income tax deficiencies, additions to tax, and penalties.  Petitioners allege in their petition that with regard to interest the respondent "failed to correctly apply * * * the Internal Revenue Code in his determination to assess the liability against the taxpayer", and they allege in their Forms 12153 only that the "amount due was paid".

We generally lack jurisdiction to determine the appropriateness of the interest computed under section 6601, except in two circumstances. Urbano v. Commissioner, 122 T.C. 384, 390 (2004). First, under section 7481(c), the Court may redetermine an overpayment of interest if the taxpayer files a motion with the Court within 1 year after the date a decision of the Court becomes final. Id. Petitioners did not timely move the Court for a redetermination of interest under section 7481(c) or satisfy the section 7481(c) requirements.[5] Second, we may review the Commissioner's denial of an abatement of interest under section 6404(h). Id. Section 6404(e) authorizes the Secretary to abate the assessment of interest attributable to an unreasonable error or delay by the Internal Revenue Service in performing a ministerial or managerial act.[6] Although the Court has jurisdiction to review the Appeals officer's determination regarding interest if a taxpayer requests an abatement of interest in a section 6330 hearing, Katz v. Commissioner, 115

---

[5]Sec. 7481(c)(2)(A)(ii) requires the taxpayer to have "paid the entire amount of the deficiency plus interest" for the Tax Court to have overpayment jurisdiction regarding interest. Petitioners clearly did not satisfy this requirement.

[6]Sec. 6404(e) was amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301, 110 Stat. 1457 (1996), to permit the Secretary to abate interest with respect to an "unreasonable" error or delay resulting from managerial and ministerial acts. The amendment applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996. Id.

T.C. 329, 340-341 (2000), we will not consider an issue regarding abatement of interest if it was not properly raised at the section 6330 hearing and/or considered in the notice of determination, Magana v. Commissioner, 118 T.C. 488, 493-494 (2002).

In their objection to respondent's motion for summary judgment, petitioners argue that they are entitled to an abatement of interest under section 6404(e)(1).  Although petitioners and the Appeals officer apparently discussed the appropriateness of the assessed interest as well as a general request by petitioners to abate interest during the section 6330 hearing, petitioners do not allege that they actually made a claim for abatement under section 6404(e) or that they presented any information during the section 6330 hearing to support a section 6404(e) abatement claim.  Moreover, there is no indication in the administrative record submitted with respondent's motion that petitioners presented any information to the Appeals officer during the section 6330 hearing to establish that they were entitled to abatement under section 6404(e), and petitioners do not allege to the contrary in their objection to respondent's motion.  We conclude, therefore, that petitioners have failed to support their interest abatement request with sufficient specificity to preserve the issue for Court review.

See <u>Poindexter v. Commissioner</u>, 122 T.C. 280, 284-286 (2004), affd. 132 Fed. Appx. 919 (2d Cir. 2005).[7]

The undisputed facts establish that during the section 6330 hearing process petitioners did not propose a collection alternative or otherwise submit any financial information from which Appeals Officer Peck could have evaluated potential collection alternatives. The undisputed facts also establish that, after reviewing the administrative record and determining that the requirements of section 6330 had been satisfied, the Appeals officer reasonably concluded that the collection action could proceed. We find no abuse of discretion in her determination.

---

[7]In their objection to respondent's motion, petitioners allege only that the Internal Revenue Service (IRS) failed to provide them with a specific payoff amount after the stipulated decision was entered and that the IRS waited approximately 2 months after petitioners made their $139,979.80 payment to attempt to collect interest. Even if we treat petitioners' request as a sec. 6404 abatement claim and we accept these statements as true for purposes of the summary judgment motion, they are insufficient to support a claim for abatement under sec. 6404(e)(1), which authorizes an abatement of interest attributable to an unreasonable error or delay by an officer or employee of the IRS in performing a ministerial or managerial act.

We conclude on the record before us that there is no genuine issue of material fact requiring a trial, and we hold that respondent is entitled to the entry of a decision sustaining the proposed levy as a matter of law.

<u>An appropriate order and decision will be entered</u>.