T.C. Memo. 2014-215

UNITED STATES TAX COURT

DAVID FRANKLIN DAY AND RONDA CHING DAY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1770-12L.                          Filed October 9, 2014.

David Franklin Day and Ronda Ching Day, pro sese.

Jonathan Jiro Ono and Peter R. Hochman, for respondent.

MEMORANDUM OPINION

GALE, Judge:  Pursuant to section 6330(d)(1),[1] petitioners seek review of

respondent's determination to proceed with a proposed levy to collect unpaid

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended and in effect at all relevant times.  Rule references are
to the Tax Court Rules of Practice and Procedure.

[*2] income tax, additions to tax, and interest for their 2002, 2005, and 2006 taxable years.

## Background

This case was submitted fully stipulated under Rule 122. The stipulated facts are incorporated herein by this reference. Petitioners resided in Hawaii when the petition was filed.

The income tax respondent seeks to collect by levy was assessed in accordance with joint Federal income tax returns petitioners filed for 2002, 2005, and 2006 and a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, they executed consenting to the assessment of additional tax for 2002.

On April 14, 2011, respondent issued petitioners a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), informing them of respondent's intent to levy on their property to collect their unpaid income tax liabilities for 2001, 2002, 2005, and 2006 and of their right to a collection due process (CDP) hearing.[2]

---

[2]This was not the first collection action respondent had taken with respect to those liabilities. Respondent had previously issued petitioners a Letter 1058 with respect to their 2001 tax liability on May 27, 2006. The account transcript for that year does not reflect that petitioners requested a CDP hearing with respect thereto. Additionally, on March 14, 2008, respondent filed a notice of Federal tax lien

(continued...)

**[*3]**    On May 10, 2011, petitioners mailed to respondent a Form 12153, Request

for a Collection Due Process or Equivalent Hearing, concerning the proposed levy

for 2001, 2002, 2005, and 2006.  Thereon, petitioners indicated that they disputed

the proposed levy because "it contains penalties and interest accumulated for 18

months while the IRS underwent an extraordinary delay in the processing of re-

audited tax years 2001 and 2002."

By letter dated September 26, 2011, Settlement Officer Lora Davis (SO

Davis) of the Internal Revenue Service (IRS) Appeals Office informed petitioners

that their CDP hearing request was timely for taxable years 2002, 2005, and 2006,

and she scheduled a telephone conference for October 27, 2011, to discuss the

proposed levy.[3]  The letter indicated that petitioners should contact SO Davis

within 14 days if they preferred to have a face-to-face conference at the Appeals

Office closest to their residence.  It also informed them that they needed to submit

_____

[2](...continued)
(NFTL) with respect to petitioners' unpaid income tax liabilities for taxable years
2001, 2002, 2005, and 2006.  Petitioners requested and received a CDP hearing in
response to the Notice of Federal Tax Lien Filing and Your Right to a Hearing
Under IRC 6320 respondent sent them shortly after filing the NFTL.  The
determination resulting from that hearing was reviewed and sustained by this
Court.  See Day v. Commissioner, T.C. Dkt. No. 11559-09L (June 22, 2010)
(bench opinion).

[3]Petitioners were not allowed a CDP hearing for 2001 because they were
previously issued a levy notice for that tax liability.  See sec. 6330(b)(2); sec.
301.6330-1(b)(2), Q&A-B4, Proced. & Admin. Regs.

[*4] financial information and comply with all return filing requirements if they wanted her to consider an alternative to collection.

On October 26, 2011, petitioners faxed a letter to SO Davis informing her that they were not prepared for the next day's telephone conference and requesting instead a face-to-face conference with an Appeals officer in Honolulu. Additionally, they objected to the exclusion of taxable year 2001 from the CDP hearing and reasserted their complaint regarding the IRS' delay in processing "re-audits" of their 2001 and 2002 returns.

SO Davis called Mr. Day on October 27, 2011, to discuss petitioners' request for a face-to-face conference. She told him that petitioners would be granted a face-to-face conference if they submitted a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and filed their then-delinquent 2010 tax return by November 11, 2011. Mr. Day questioned why it was necessary for petitioners to submit financial information in order to have a face-to-face conference when the issue they raised related to interest charged with respect to their 2001 and 2002 liabilities. SO Davis informed him that there were no settlement officers stationed in Hawaii; and because the interest on the 2002 liability was only a small component of the amount subject to the proposed levy, she needed financial information in order to justify flying

[*5] somebody in for a face-to-face conference.  She also advised Mr. Day that if petitioners wanted to raise the issue of interest attributable to IRS delays, then they needed to submit a Form 843, Claim for Refund and Request for Abatement, and if they did that, they could raise the issue for both 2001 and 2002.

Petitioners did not submit any of the requested information, file a 2010 tax return, or submit a Form 843.  On November 28, 2011, SO Davis faxed and mailed petitioners a letter informing them that they would not be allowed a face-to-face conference and that a determination would therefore be made on the basis of the materials in the administrative file.  She again advised them to submit a Form 843 if they wanted to raise the issue of interest charged on account of IRS errors and/or delays and requested that they submit by December 5, 2011, any further information they wanted her to consider.

On December 1, 2011, Mr. Day responded by faxing a letter to SO Davis in which he again requested a face-to-face conference in Honolulu and challenged the IRS' right to impose conditions on allowing petitioners such a conference.  He also insisted that taxable year 2001 be included in the CDP hearing because the IRS processing delays petitioners were complaining of occurred after the IRS completed "re-audits" of both 2001 and 2002 and therefore the relevant issues were "inextricably intertwined".  Mr. Day did not include a Form 843 or any other

**[*6]** materials with the letter, nor did he specify the processing delays of which he complained.

On December 19, 2011, SO Davis issued petitioners[4] a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy. The notice of determination advised petitioners that the IRS' compliance with the legal and administrative requirements for the levy was verified by analyzing transcripts of their account. With respect to the issues that petitioners raised during the hearing, the notice concluded that taxable year 2001 was properly excluded from the hearing because petitioners were issued a levy notice for that year on May 27, 2006, and that petitioners were denied a face-to-face conference because they did not provide the information requested to qualify for such a conference. Finally, the notice concluded that the proposed levy balanced the need for the efficient collection of taxes with the legitimate concern that the collection action be no more intrusive than necessary. Petitioners timely filed a petition for review of the determination.

---

[4]The copy of the notice of determination in the record was issued to Mr. Day. However, the parties have stipulated that the notice was issued to both petitioners.

[*7]                               Discussion

I.      Collection Hearing Procedure

Section 6330(a) requires that written notice be given to a person upon whose property the Secretary intends to levy to collect an unpaid tax (taxpayer) advising him of the amount of the unpaid tax and of his right to a hearing. If a hearing is requested, the hearing is to be conducted by an officer or employee of the IRS Appeals Office who has had no prior involvement with respect to the unpaid tax at issue. Sec. 6330(b)(1), (3). CDP hearings are informal and do not require the Appeals officer or employee and the taxpayer to hold a face-to-face conference. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see also Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Cropper v. Commissioner, T.C. Memo. 2014-139, at *12. A CDP hearing may, but is not required to, consist of a face-to-face conference, one or more written or oral communications between Appeals and the taxpayer or the taxpayer's representative, or some combination thereof. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.

At the hearing the Appeals officer shall obtain verification that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including offers of collection alternatives.

[*8] Sec. 6330(c)(2)(A). The taxpayer may also challenge the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency for such liability or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B).

At the conclusion of the hearing the Appeals officer must determine whether and how to proceed with collection and shall take into account: (1) the verification that the requirements of any applicable law or administrative procedure have been met; (2) the relevant issues raised by the taxpayer, including, where permitted, challenges to the underlying tax liability; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review an Appeals officer's determinations in connection with a section 6330 hearing. Where, as here, the validity of the underlying tax liability is not at issue, we review the Appeals officer's administrative determinations for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion occurs when the exercise of discretion is arbitrary, capricious, or without sound basis in fact or law. Pough v.

[*9] Commissioner, 135 T.C. 344, 350 (2010); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

II.     Petitioners' Arguments

Petitioners raise three challenges to SO Davis' determination to sustain the proposed levy. They contend that SO Davis abused her discretion by (1) excluding taxable year 2001 from the CDP hearing; (2) failing to make a determination with respect to their interest abatement claim; and (3) denying their request for a face-to-face conference. We will address each of these contentions in turn.

A.     Taxable Year 2001 Was Properly Excluded From the CDP Hearing.

A taxpayer is entitled to only one hearing under section 6330 with respect to the taxable period related to an amount of unpaid tax for which a levy notice has been issued. Sec. 6330(b)(2). Although the IRS may issue more than one levy notice to the taxpayer regarding such tax period and unpaid tax, a hearing is available only if requested by the taxpayer during the 30-day period after the first levy notice is issued. Sec. 301.6330-1(b)(2), Q&A-B2, Q&A-B4, Proced. & Admin. Regs.; see also Orum v. Commissioner, 123 T.C. 1, 10-12 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005). Petitioners were first issued a levy notice with respect to their unpaid income tax for 2001 on May 27, 2006. Therefore, their May 10, 2011, request for a CDP hearing was untimely for 2001, even though it was

[*10] made less than 30 days after the IRS issued them a subsequent levy notice

for that unpaid tax.[5]  Accordingly, we conclude that SO Davis was not authorized

to offer petitioners a CDP hearing for 2001 and the Court does not have

jurisdiction as to that year.  See Orum v. Commissioner, 123 T.C. at 10-12.

B.  Petitioners Did Not Properly Raise the Issue of Interest Abatement During the CDP Hearing.

Petitioners argue that SO Davis abused her discretion by failing to consider

their interest abatement claim.  They ask us to remand their case to Appeals with

instructions to make a determination on whether they are entitled to interest

abatement for 2001 and 2002.

This Court will not consider section 6330(c)(2) issues that were not properly

raised at the CDP hearing.  Giamelli v. Commissioner, 129 T.C. 107, 115 (2007);

cf. Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008) (holding that we will

review section 6330(c)(1) issues without regard to whether those issues were raised

at the hearing).  An issue is not properly raised at a CDP hearing if the taxpayer

fails to present any evidence to Appeals with respect to the issue after being given

---

[5]Petitioners' account transcript for 2001 shows that the IRS has not assessed additional tax, an accuracy-related penalty, or an addition to tax for failure to timely file since issuing petitioners the levy notice on May 27, 2006.  See sec. 301.6330-1(d)(2), Q&A-D1, Proced. & Admin. Regs.  Additional assessments of accrued interest do not entitle a taxpayer to another CDP hearing.  Id.

**[*11]** a reasonable opportunity to do so. Sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Giamelli v. Commissioner, 129 T.C. at 112-114.

On their request for a CDP hearing petitioners indicated that they disputed interest charged for 2001 and 2002 on account of IRS processing delays, and they reiterated that general allegation throughout the hearing. However, they never made a formal claim for interest abatement even though SO Davis informed them on at least two occasions that they needed to submit a Form 843 in order to raise the issue of interest abatement for her consideration (and that if they did so they could raise the issue for 2001 and 2002). A Form 843 solicits specific information from taxpayers regarding the period for which they are seeking interest abatement, the amount of interest they want abated, and the reasons they believe that interest abatement is appropriate. More than seven weeks passed between the time SO Davis first advised petitioners to file a Form 843 and the date she issued the notice of determination, yet they did not submit a Form 843 or provide her with any information supporting an interest abatement claim. Given these circumstances, we conclude that petitioners did not properly raise the issue of interest abatement during the CDP hearing and the Court may not consider it. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Brecht v. Commissioner, T.C. Memo. 2008-213.

**[\*12]** C.    <u>Petitioners Were Not Entitled to a Face-to-Face Conference</u>.

Petitioners argue that SO Davis abused her discretion by refusing to hold a face-to-face conference with them despite their repeated requests. In petitioners' view it was unreasonable for SO Davis to require them to submit financial information in order to have a face-to-face conference because they were not seeking a collection alternative and their financial information was not relevant to the interest claim they asserted. Therefore, they contend it was an abuse of her discretion to deny them a face-to-face conference after they failed to provide her with that information. We disagree.

As discussed <u>supra</u>, petitioners not only failed to provide SO Davis with the financial information she requested; they also did not provide her with any information regarding the interest they disputed. Indeed, the only issues they raised before SO Davis were whether taxable year 2001 should be part of the hearing and whether they were entitled to a face-to-face conference. Because petitioners (1) raised no specific dispute with the proposed levy, (2) offered no alternative to collection, and (3) were not in filing compliance, we conclude that SO Davis did not abuse her discretion in deciding not to fly an Appeals employee from the mainland to Honolulu to meet face-to-face with petitioners. <u>See Toth v. Commissioner</u>, T.C. Memo. 2010-227.

**[\*13]** III.    Conclusion

SO Davis did not abuse her discretion in sustaining the proposed levy. Therefore, we conclude and hold that respondent may proceed with the levy that is the subject of the notice of determination at issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.