T.C. Summary Opinion 2015-45

UNITED STATES TAX COURT

MINNIE MAE HOWELL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19556-14S L.          Filed August 6, 2015.

Minnie Mae Howell, pro se.

Andrew J. Davis, for respondent.

SUMMARY OPINION

THORNTON, Chief Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]All other section references are to the Internal Revenue Code in effect at all
relevant times.  Some monetary amounts are rounded to the nearest dollar.

any other court, and this opinion shall not be treated as precedent for any other case. The issue for decision is whether respondent erred in sustaining a proposed levy with respect to petitioner's 2004 Federal income tax.

Background

After examining petitioner's 2004 Federal income tax return, respondent issued her a notice of deficiency determining a $10,439 deficiency and a $2,088 section 6662(a) accuracy-related penalty. In response, petitioner timely petitioned this Court. On October 22, 2008, pursuant to the parties' stipulation, the Court entered a decision in her case at docket No. 23887-06 that for 2004 petitioner had a deficiency of $6,250 and no section 6662(a) accuracy-related penalty. On February 9, 2009, respondent assessed the $6,250 deficiency as well as $1,801 of statutory interest. He later assessed a section 6651(a)(2) addition to tax for failure to timely pay.

On April 24, 2009, respondent and petitioner entered into an installment agreement with respect to her 2004 tax liability. Petitioner made several payments under the installment agreement but none after August 31, 2013. Respondent revoked the installment agreement on December 16, 2013.

On January 13, 2014, respondent sent petitioner a CP 90, Final Notice-- Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to her

2004 tax liability. On February 12, 2014, respondent received from petitioner a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioner contended that her 2004 tax liability had been paid, that the Internal Revenue Service (IRS) had incorrectly assessed penalties and interest, and that the IRS had failed to process her "first payment". Petitioner did not propose a collection alternative.

Petitioner's case was assigned to an Appeals settlement officer (SO). On April 30, 2014, the SO mailed petitioner a letter scheduling her collection due process (CDP) hearing and requesting additional information regarding her "first payment", which she did not provide. On June 3, 2014, the SO telephoned petitioner to conduct the hearing and to reiterate his request for additional information. During the hearing petitioner told the SO that in 2009 she had endorsed a third-party workers' compensation check from the U.S. Department of Labor (USDOL) for $2,789.90 and mailed it to the IRS to satisfy her 2004 tax liability.

Petitioner faxed the SO a copy of a letter dated April 7, 2014, that she had received from the USDOL. The letter indicated that the USDOL had issued petitioner a workers' compensation check for $2,789.90 between July 6 and August 2, 2008, that the check had never been cashed, and that it would be

reissued to her. Petitioner also sent the SO a certified mail receipt, which showed, according to petitioner, that she had mailed the $2,789.90 workers' compensation check to the IRS on May 11, 2009.

In a telephone call on June 13, 2014, the SO suggested to petitioner that she should deposit the reissued workers' compensation check into her bank account, submit payment to the IRS for the unpaid balance on her 2004 tax liability, and file a Form 843, Claim for Refund and Request for Abatement, requesting that the current payment be applied as of the date in 2009 when petitioner allegedly sent the IRS the original workers' compensation check. That same day, the SO mailed petitioner a blank Form 843 with instructions. In a followup phone call on July 3, 2014, petitioner confirmed with the SO that she had received the Form 843 but stated that she did not plan on making any additional payment because she felt that she had already overpaid her 2004 tax. The record does not show that petitioner ever submitted to the IRS a Form 843 or any additional information.

On July 16, 2014, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notice of determination sustained the proposed levy because petitioner failed to make a payment to replace the workers' compensation check she purportedly sent to the IRS in May 2009. It also indicated that petitioner's interest abatement claim was

denied because she failed to file a Form 843 as directed. While residing in North Carolina, petitioner timely petitioned this Court for review of this determination.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the taxpayer's property and rights to property. The Secretary must send written notice of the right to an administrative hearing before a levy is made. Sec. 6330(a)(1). During the hearing the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of the collection action and offers of collection alternatives. Sec. 6330(c)(2)(A). Additionally, under certain circumstances the person may also raise challenges to the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B).

Petitioner argues that respondent erred in sustaining the proposed levy because her 2004 tax liability should have been fully satisfied by the workers' compensation check that she claims to have originally submitted to the IRS in 2009 but that the IRS never processed. Petitioner cannot prevail on this argument.

Section 6311(b) provides, in relevant part, that if any check, money order, or other method of payment of Federal income tax is not duly paid, the person who

tendered the check, money order, or other method of payment shall remain liable for the payment of the tax and for all legal penalties and additions to the same extent as if the check, money order, or other method of payment had not been tendered. Because the IRS never received payment on the workers' compensation check, petitioner remains liable for the unpaid balance of her 2004 tax.

Petitioner further argues that respondent erred in failing to abate interest and penalties. Insofar as this claim rests on her argument that the workers' compensation check satisfied her 2004 tax liability, the claim is without merit for the reasons just discussed. Insofar as the claim rests on an argument that the IRS waited too long (until February 9, 2009) after the Court's October 2008 decision in her deficiency case to assess her deficiency and associated interest and penalties, the record does not support such a claim. In this regard, we note that a Tax Court decision generally does not become final, and the IRS cannot make the assessment, until the expiration of the 90-day period allowed for filing a notice of appeal. Secs. 6213(a), 7481(a).

Petitioner also contends that she is entitled to interest abatement for periods after May 2009 (when the IRS purportedly received her original workers' compensation check) because of the IRS' purported error in failing to process that check. Petitioner failed, however, to follow the SO's advice to file a Form 843

(which solicits the specific information essential for making an interest abatement claim and requires the applicant's signature under penalties of perjury) to make this request for interest abatement, even though the SO mailed her a Form 843 with instructions and, according to the administrative record, later helped her with wording her request to be included on the Form 843. The Court will not consider an interest abatement claim not properly raised at the administrative hearing. See Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); see also Day v. Commissioner, T.C. Memo. 2014-215 (holding that an interest abatement claim was not properly raised in a CDP hearing where the taxpayer failed to follow advice to file Form 843 and provide other information in the CDP hearing); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

In any event, in this proceeding the SO's determination with respect to petitioner's interest abatement claim is reviewable, if at all, for abuse of discretion. See A-Valey Eng'rs, Inc. v. Commissioner, T.C. Memo. 2012-199, 104 T.C.M. (CCH) 69, 72 (2012). The record does not establish that the SO abused his discretion in denying petitioner's interest abatement claim without her providing additional information or submitting the Form 843 as requested. Moreover, the administrative record does not establish conclusively whether petitioner actually sent, or the IRS actually received, the original workers' compensation check in

2009, or whether any such check--which would have been at least 9 to 10 months old when petitioner allegedly mailed it to the IRS--would have been negotiable or was properly endorsed at the time it was presented.  See, e.g., Boyd v. Commissioner, 117 T.C. 127, 132 (2001).  Consequently, the record does not establish that petitioner's delay in paying the balance of her 2004 tax liability was attributable to any unreasonable error or delay by the IRS, no significant part of which was attributable to petitioner, so as to allow for  abatement of interest under section 6404(e)(1) or any other statutory provision.

For these reasons, respondent did not err in sustaining the proposed levy.

Decision will be entered for

respondent.