T.C. Memo. 2013-123

UNITED STATES TAX COURT

JOSEPH M. BRENNAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1248-12L.                    Filed May 8, 2013.

P failed to file a Federal income tax return for tax year 2008. R prepared a substitute for return ("SFR") pursuant to I.R.C. sec. 6020 and issued to P a notice of deficiency that included the tax shown on the SFR as well as additions to tax under I.R.C. secs. 6651(a)(1) and (2) and 6654. P did not file a petition with this Court for redetermination of the deficiency, and R assessed the tax and the additions. R later issued to P a final notice of intent to levy to collect the unpaid tax liability. In response P requested a collection due process hearing before R's Office of Appeals ("Appeals") pursuant to I.R.C. sec. 6330, claiming that the SFR failed to take into account deductions to which P was entitled. After requesting a hearing, P filed an untimely return for 2008 in which he claimed deductions and showed a lesser amount of tax due than had been calculated in the SFR. R accepted the return and abated a portion of the tax, so that the remaining tax assessed equaled P's self-reported liability. R also abated portions of the additions to tax to reflect the reduced tax. At the CDP hearing P raised only a concern that the total amount R claimed was due was greater than the amount shown on the return P had filed. The Appeals officer informed P that the difference between the amount due and the amount shown on the return constituted

[*2] additions to and interest on the tax shown on P's return. P raised no other issues at the hearing and Appeals issued a notice of determination sustaining the levy notice. P filed with this Court a timely petition for review of that determination, claiming for the first time that he had reasonable cause with respect to his failure to file a return and his failure to pay tax and that the additions to tax should be abated. R moved for summary judgment on the ground that P cannot challenge his underlying liability, because he received a prior notice of deficiency, and that IRS Appeals did not abuse its discretion in sustaining the levy notice.

Held: P is barred from asserting "reasonable cause" and challenging his underlying liability for the additions to tax pursuant to I.R.C. sec. 6330(c)(2)(B) because he received a notice of deficiency determining those additions to tax.

Held, further, Appeals did not abuse its discretion in sustaining the levy notice, and R's motion for summary judgment will be granted.

Edward James Leyden, for petitioner.

Han Huang, for respondent.

MEMORANDUM OPINION

GUSTAFSON, Judge: This is a collection due process ("CDP") appeal pursuant to section 6330(d),[1] in which petitioner Joseph M. Brennan asks this

---

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*3] Court to review the determination by the Office of Appeals ("Appeals") of the Internal Revenue Service ("IRS") to proceed with a levy to collect his unpaid Federal income tax for tax year 2008. The issue is whether Appeals abused its discretion in making that determination. Respondent, the Commissioner of the IRS, moved for summary judgment pursuant to Rule 121, and Mr. Brennan filed an opposition. We hold that there is no genuine dispute as to any material fact on the issue of whether Appeals abused its discretion in making its determination. We will therefore grant the Commissioner's motion.

## Background

The Commissioner's motion for summary judgment establishes the following facts, which Mr. Brennan does not dispute.

Mr. Brennan did not file a timely individual income tax return for 2008. Instead, on April 13, 2010, the IRS prepared a substitute for return ("SFR") for him for 2008 pursuant to section 6020(b). On the basis of the SFR, the IRS issued a notice of deficiency to Mr. Brennan on August 2, 2010, determining a deficiency of $71,638 for 2008, as well as additions to tax under section 6651(a)(1) and (2)

---

[1](...continued)
Revenue Code (codified in 26 U.S.C. and referred to herein as "the Code"), and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*4] for failure to file a return and failure to pay tax shown and under section 6654(a) for failure to pay estimated tax.

Mr. Brennan did not file a petition with this Court challenging the notice of deficiency. As a result, on January 3, 2011, the IRS assessed the tax and additions determined in that notice and sent Mr. Brennan notice and demand for payment. However, Mr. Brennan did not pay the balance due for 2008.

On April 4, 2011, the IRS sent Mr. Brennan a "Final Notice of Intent to Levy and Notice of Your Right to a Hearing" ("levy notice") regarding collection of his outstanding liability for 2008. On April 14, 2011, Mr. Brennan, through his attorney, filed Form 12153, "Request for a Collection Due Process or Equivalent Hearing", on which he checked the boxes indicating he was requesting an installment agreement or an offer-in-compromise and that "I Cannot Pay Balance". In the space for the "Reason" for his request, he wrote:

> 1/ The Substitute Tax Return filed for the taxpayers in relation to 2008 does not incorporate several of the deductions and/or other items to which the Taxpayers would be entitled, resulting in a higher level of income tax than the taxpayers actually owe. 2/ Furthermore, the Taxpayers have not been afforded a hearing in connection with the underlying tax liability.

Around May 20, 2011, Mr. Brennan and his wife ("the Brennans") filed a joint tax return for 2008 on which they reported total tax of $34,291. The IRS

**[\*5]** accepted and processed that joint return and on October 10, 2011, abated tax of $37,347 (leaving total tax of $34,291--the same amount the Brennans reported on their joint return) and portions of the additions to tax and interest previously assessed, in order to reflect the reduced amount of the corresponding tax. The IRS then sent Mr. Brennan notice of the adjustments made and of the balance remaining due for 2008. Mr. Brennan did not pay the balance due, which remains unpaid.

On October 19, 2011, IRS Settlement Officer Jeffrey Chambers sent Mr. Brennan and his attorney a letter scheduling a telephone CDP hearing for December 1, 2011. Mr. Chambers informed them that in order for the IRS to consider collection alternatives, Mr. Brennan had to submit financial information (on Forms 433-A, "Collection Information Statement for Wage Earners and Self-Employed Individuals", and/or 433-B, "Collection Information Statement for Businesses") and file outstanding tax returns for his 2009 and 2010 tax years within 21 days (i.e., by November 9, 2011).

On November 1, 2011, Mr. Brennan's attorney contacted Mr. Chambers to request a face-to-face hearing rather than a telephone hearing. Mr. Chambers advised Mr. Brennan's attorney that before a face-to-face hearing, Mr. Brennan first had to submit Form 433-A and file his delinquent 2009 and 2010 tax returns.

[*6] On November 29, 2011, Mr. Brennan's attorney again contacted Mr. Chambers and stated that Mr. Brennan expected to file his delinquent tax returns and Form 433-A within the next 10 to 14 days and was requesting a delay in his hearing until that time. Both Mr. Chambers and his manager denied the request for a postponement of the hearing. Mr. Brennan did not file either his delinquent tax returns or Form 433-A within the time his attorney had requested.

Mr. Chambers conducted a telephone hearing with Mr. Brennan's attorney on December 1, 2011. At that hearing, Mr. Brennan's attorney indicated that Mr. Brennan disagreed with the amount the IRS claimed to be due in the notice sent to him in October 2011, which indicated that he owed approximately $49,000, because the Brennans' 2008 joint return showed instead tax due of only about $34,000. Mr. Chambers advised Mr. Brennan's attorney that the IRS's records indicated that the tax remaining due after the abatement made in October 2011 was $34,291 (as shown on the Brennans' joint return) and that the balance of approximately $15,000 was attributable to interest on and additions to that amount. Mr. Brennan's attorney indicated that Mr. Brennan intended to file his delinquent returns and submit Form 433-A so that collection alternatives could be considered but did not propose any particular collection alternative at the hearing.

**[\*7]** On December 14, 2011, the IRS issued to Mr. Brennan a notice of determination sustaining the levy notice. In a summary explanation attached to the notice of determination, the IRS stated: "You did not provide the financial information requested and you did not file delinquent tax returns as requested. Therefore, no collection alternatives could be considered in lieu of the proposed levy." On January 13, 2012, Mr. Brennan filed his petition in this case seeking review of the IRS's determination. His petition states a Virginia address. In his petition Mr. Brennan asserts for the first time that he had "reasonable cause" for failing to file a timely tax return for 2008. Mr. Brennan contends that "authority exists for the IRS to waive interest and/or penalties[2] in relation to any assessed deficiencies."

Respondent filed his motion for summary judgment on January 2, 2013. The motion asserts that Mr. Brennan is barred from raising here the issue of

---

[2]Although the parties frequently refer to the additions to tax under sections 6651(a)(1) and (2) and 6654 as "penalties", those sections define them as "additions to tax", and they appear in part I and not part II ("Accuracy-Related and Fraud Penalties") of subchapter A of chapter 68. However, the Code is not entirely consistent and does occasionally refer to those additions to tax as "penalties". <u>See, e.g.</u>, subsection titles to sec. 6651(b), (d), (f), (h). We interpret the parties' references to "penalties" to refer to the additions to tax determined in the notice of deficiency issued to Mr. Brennan in August 2010 and included in the levy notice issued to him in April 2011, and we do not correct the parties' use of the term "penalties" when quoting their filings.

[*8] "reasonable cause" for two reasons. First, respondent asserts that Mr. Brennan had a prior opportunity to challenge his liability for the additions and raise any relevant defenses (such as "reasonable cause") when he received the notice of deficiency in August 2010. That notice included the additions Mr. Brennan now disputes. Respondent contends that, in light of that prior opportunity, the underlying liability was not properly at issue at the CDP hearing, pursuant to section 6330(c)(2)(B). Second, according to respondent, Mr. Brennan did not, in fact, challenge his liability for the additions during the agency-level CDP hearing process. Respondent contends that Mr. Brennan is therefore barred from raising that issue in this Court, pursuant to 26 C.F.R. section 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

In his response to the motion for summary judgment, Mr. Brennan argues that he did not have a prior opportunity to establish his "reasonable cause" defense against the additions to tax that the IRS determined because those additions were calculated no earlier than May 2011 (when the Brennans filed their 2008 joint return)--i.e., after the time had expired within which they could petition the Court with respect to the August 2010 notice of deficiency. Further, Mr. Brennan argues that internal IRS procedure allows for consideration of his defense even "outside"

**[\*9]** the CDP process and that Mr. Chambers' decision not to consider an abatement of the additions to tax was improper.

Discussion

I.    General legal principles

A.    Summary judgment

Under Rule 121 (the Tax Court's analog to Rule 56 of the Federal Rules of Civil Procedure), the Court may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  The moving party (here, the Commissioner) bears the burden of showing that no genuine dispute as to any material fact exists, and the Court will view any factual material and inferences to be drawn from such material in the light most favorable to the nonmoving party.  See Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The facts on which the Commissioner relies in support of his motion are not disputed by Mr. Brennan (with one exception noted below).

B.    Collection review procedure

1.    In general

If a taxpayer fails to pay any Federal income tax liability after notice and demand, section 6331(a) authorizes the IRS to collect the tax by levy on the

[*10] taxpayer's property. However, Congress has added to chapter 64 of the Code certain provisions (in subchapter C, part I, and in subchapter D, part I) as "Due Process for Collections", and those provisions must be complied with before the IRS can proceed with a levy: The IRS must first issue a final notice of intent to levy and notify the taxpayer of the right to an administrative hearing before Appeals. Sec. 6330(a) and (b)(1). After receiving such a notice, the taxpayer may request an administrative hearing before Appeals. Sec. 6330(a)(3)(B), (b)(1). Administrative review is carried out by way of a hearing before Appeals pursuant to section 6330(b) and (c); and, if the taxpayer is dissatisfied with the outcome there, he can appeal that determination to the Tax Court under section 6330(d), as Mr. Brennan has done.

2.     Agency-level review in levy cases

At the CDP hearing, Appeals must make a determination whether the proposed collection action may proceed. In the case of a notice of levy, the procedures for the agency-level CDP hearing before Appeals are set forth in section 6330(c). Appeals is required to take into consideration several things:

First, Appeals must verify that the requirements of any applicable law or administrative procedure have been met by IRS personnel. See sec. 6330(c)(1), (3)(A). The attachment to the notice of determination sets forth Mr. Chambers'

[*11] compliance with these requirements, and Mr. Brennan makes no challenge as to verification in his response to the motion for summary judgment, so no verification issues under section 6330(c)(1) are in dispute.

Second, the taxpayer may "raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including" challenges to the appropriateness of the collection action and offers of collection alternatives. Sec. 6330(c)(2)(A). Mr. Brennan's contentions do not pertain to collection alternatives (i.e., an installment agreement, an offer-in-compromise, and currently not collectible status, so no issues under section 6330(c)(2)(A) are in dispute.

Additionally, the taxpayer may contest the existence and amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have a prior opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). As noted above, Mr. Brennan asserts in his petition, and in his response to respondent's motion for summary judgement, that he had "reasonable cause" for failing to timely file his 2008 tax return. That argument constitutes a challenge to the underlying liability for the failure-to-file addition to tax under section 6651(a)(1).[3] See Montgomery v. Commissioner, 122 T.C. 1, 7-8 (2004);

---

[3]Mr. Brennan's petition goes on to state that "authority exists for the IRS to waive * * * penalties in relation to any assessed deficiencies." (Emphasis added.)

(continued...)

[*12] <u>Everett Assocs., Inc. v. Commissioner</u>, T.C. Memo. 2012-143, slip op. at 17.
We will discuss that argument below.

Finally, Appeals must determine "whether any proposed collection action
balances the need for the efficient collection of taxes with the legitimate concern
of the person that any collection action be no more intrusive than necessary." Sec.
6330(c)(3)(C). Mr. Brennan did not raise intrusiveness in his request for a CDP
hearing, in his petition to the Court, or in his response to the Commissioner's
motion for summary judgment, so no issues as to intrusiveness under section
6330(c)(3)(C) are at issue.

### 3. Tax Court review

When Appeals issues its determination, the taxpayer may "appeal such
determination to the Tax Court", pursuant to section 6330(d)(1), as Mr. Brennan
has done. In such an appeal, where the underlying liability is properly at issue, we
review the determination of Appeals de novo. <u>Goza v. Commissioner</u>, 114 T.C.
176, 181-182 (2000). As to issues other than the underlying liability, we review

---

[3](...continued)
Though Mr. Brennan mentions only the failure-to-file addition to tax in asserting
his "reasonable cause" defense, we construe his use of the plural term "penalties",
<u>see</u> note 2 above, to challenge his liability for all three of the additions to tax
included in the levy notice.

**[\*13]** the determination for abuse of discretion. That is, we decide whether the determination was arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). As discussed below, we find that Mr. Brennan's underlying liability for the additions to tax is not properly at issue, and therefore we review the IRS's decision to sustain the levy notice to determine whether it involved an abuse of discretion.

II. Appeals' determination to sustain the levy

Mr. Brennan claims that he was not given an opportunity to establish his "reasonable cause" defense because the IRS "imposed" the additions to tax and penalties in October 2011--after the expiration of the time in which to file a petition with the Court in response to the notice of deficiency he received in August 2010. However, Mr. Brennan's interpretation of the facts is incorrect. The IRS did not "impose" any penalties in October 2011. In August 2010 it determined the additions to tax under sections 6651(a)(1) and (2) and 6654 in the notice of deficiency. It was at that time that Mr. Brennan had the opportunity to raise his "reasonable cause" defense by filing a petition with the Court. While the IRS did later recompute the amounts of some of the additions to tax after it processed the Brennans' late-filed 2008 joint return in October 2011, it did

**[\*14]** not assert a new liability distinct from the one determined in the notice of deficiency.

Under section 6330(c)(2)(B), Mr. Brennan may raise a challenge to the underlying liability as part of the CDP hearing only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Mr. Brennan does not dispute that he received a notice of deficiency with respect to his 2008 liability, nor that the notice of deficiency included the additions to tax under sections 6651(a)(1) and (2) and 6654. Nor does he dispute that he failed to file a petition with this Court within the time provided by section 6213(a). As a result, section 6330(c)(2)(B) barred him from challenging his liability for those additions at his CDP hearing; and we may not consider that challenge here. See Sego v. Commissioner, 114 T.C. 604, 611 (2000); see also Bray v. Commissioner, T.C. Memo. 2008-113 (refusing to consider a challenge to the underlying additions to tax where the taxpayer failed to file a return, the IRS had issued a notice of deficiency based on an SFR, the taxpayer failed to file a Tax Court petition, and the IRS later abated a portion of the additions to tax after processing a late-filed return).

Mr. Brennan stresses that he "only learned the amounts of the penalties" after his opportunity to challenge the notice of deficiency. If the IRS introduces

**[\*15]** an error into the computation of an addition to tax or a penalty in an assessment that it makes <u>after</u> the issuance of a notice of deficiency, then by definition a taxpayer could not have challenged that error in a deficiency case; and we assume that, since such a taxpayer therefore lacked a prior opportunity, section 6330(c)(2)(B) would permit him to challenge that computational error in a subsequent CDP hearing. However, no such computational error is alleged here. Rather, Mr. Brennan makes it clear that the contention he wishes to raise is "reasonable cause"--a challenge that he certainly had the opportunity to raise (but did not raise) in a deficiency case filed after the issuance of the notice of deficiency.

Moreover, even if Mr. Brennan had not had the prior opportunity to raise his "reasonable cause" defense by filing a deficiency case with the Court, he still would not be able to raise that issue in this CDP case. Mr. Brennan's attorney did not raise the issue of abating the additions to tax or Mr. Brennan's "reasonable cause" defense before or during the CDP hearing, and he offers no evidence that the issue was presented to Mr. Chambers for consideration. As a result, we would lack jurisdiction to consider the issue here. See <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 112-113 (2007).

**[\*16]**  Mr. Brennan further contends that the Internal Revenue Manual (IRM) provides an IRS Appeals officer (such as Mr. Chambers) with the discretion to consider penalty abatement and "reasonable cause" defenses "outside" the CDP hearing context, see IRM pt. 8.22.2.2.12.3(2) (Dec. 14, 2010), and that Mr. Chambers's refusal to exercise that discretion was error.  IRM pt. 8.22.2.2.12.3(2) does state that "The hearing officer may consider a challenge to a penalty liability, <u>outside of CDP</u>, under Appeals general authority, if the taxpayer failed to pursue the issue when the taxpayer received a prior opportunity". (Emphasis added.)  However, as Mr. Brennan acknowledges, what that provision of the IRM authorizes is consideration <u>outside</u> the CDP context, whereas in this appeal under section 6330(d) we have jurisdiction to review only the exercises of discretion that Appeals made under section 6330 <u>within</u> the CDP context.  If Appeals abused its discretion other than in the CDP hearing, we do not have jurisdiction here to review or remedy that abuse.  In addition, as is noted above, there is nothing to indicate that Mr. Brennan's attorney raised the issue of abating the additions to tax or Mr. Brennan's "reasonable cause" defense at any time during the CDP process.  The supposed failure of Mr. Chambers to review an issue that was not presented to him is not error.

**[\*17]**  As Mr. Brennan's only contentions are not properly before us or lack merit, we find no error or abuse of discretion in the IRS's sustaining the notice of levy. We will therefore grant the Commissioner's motion for summary judgment.

<u>An appropriate order and decision</u>

<u>will be entered</u>.