T.C. Memo. 2015-132

UNITED STATES TAX COURT

KENNETH A. MCRAE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10233-14L.                          Filed July 20, 2015.

Kenneth A. McRae, pro se.

Kris H. An, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1)[1] of a determination by

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] the Internal Revenue Service (IRS or respondent) to sustain the filing of a notice of Federal tax lien (NFTL). Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain this collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and the affidavits and exhibits attached to the pleadings and respondent's motion. See Rule 121(b). Petitioner resided in California when he filed his petition. The lien at issue relates to petitioner's Federal income tax liabilities for 2004, 2006, and 2008.

Petitioner filed a timely return for 2004. The IRS conducted an examination of that return and the record reflects issuance of a notice of deficiency based on this examination; petitioner does not dispute that he received this notice and did not contest the deficiency by filing a petition in this Court. The IRS then assessed the tax and interest due from petitioner for 2004, totaling $1,053.

Petitioner filed a late return for 2006. The IRS received this return on April 17, 2009, ruled it frivolous, and assessed a $5,000 penalty against petitioner under section 6702(a). The IRS thereafter prepared a substitute for return (SFR) meeting the requirements of section 6020(b). The record reflects issuance of a notice of

**[*3]** deficiency based on this return; petitioner does not dispute that he received this notice and did not contest the deficiency by filing a petition in this Court. The IRS then assessed the tax and interest due from petitioner for 2006, totaling $3,315. Petitioner later filed an amended return for 2006; the IRS likewise determined that return to be frivolous and assessed a second $5,000 penalty under section 6702(a). The total assessment under section 6702(a) for 2006, including interest, is $10,901.[2]

Petitioner did not file a Federal income tax return for 2008. The IRS prepared an SFR meeting the requirements of section 6020(b). The record reflects issuance of a notice of deficiency based on this return; petitioner does not dispute that he received this notice and did not contest the deficiency by filing a petition in this Court. The IRS subsequently assessed the tax and interest due, as well as additions to tax for failure to pay timely under section 6651(a)(2) and failure to pay estimated tax under section 6654(a), for a total assessment of $12,014.

On May 7, 2013, in an effort to collect these outstanding liabilities, the IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing. Petitioner timely requested a CDP hearing. In fact, he demanded four separate

---

[2]On March 25, 2012, petitioner submitted a check to the IRS in purported payment of his 2004 and 2006 liabilities. This check was returned and, on April 30, 2012, the IRS assessed a penalty for dishonored payment under section 6657.

[*4] CDP hearings--one for each year at issue and a fourth hearing for the frivolous return penalties.

On August 6, 2013, a settlement officer (SO) from the IRS Appeals Office wrote petitioner, scheduling a single CDP hearing by telephone for September 10, 2013. Petitioner was asked to notify the SO within 14 days if he wished to have a face-to-face conference. The SO informed petitioner that she could not consider collection alternatives unless petitioner submitted, within 14 days, a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and proof of filing tax returns for 2011 and 2012.

Petitioner did not propose a collection alternative, provide the requested financial information, or submit a copy of a tax return for 2011 or 2012. On September 10, 2013, petitioner and the SO participated in the scheduled telephone conference. Petitioner provided no meaningful information during this conference but insisted on a face-to-face hearing. The SO referred this request to the IRS Appeals Office in Los Angeles.

On November 5, 2013, a settlement officer from the IRS Appeals Office in Los Angeles (SO2) sent petitioner a letter scheduling a telephone CDP hearing for March 5, 2014. This letter acknowledged petitioner's request for a face-to-face conference. SO2 explained, however, that petitioner would first have to submit

**[*5]** the required financial information (Form 433-A and tax returns for 2011 and 2012) in order to qualify for a face-to-face conference.

On February 12, 2014, petitioner wrote SO2 reiterating his demand for a face-to-face hearing. Petitioner disputed the necessity of providing any specific documents in order to obtain such a hearing. According to petitioner, whether he was required to file Forms 1040, U.S. Individual Income Tax Return, for 2011 and 2012 "was a matter to be determined at the CDP hearing." Petitioner apparently intended to argue that he was relieved of the duty to file Federal income tax returns when the IRS did not sufficiently respond to his Freedom of Information Act requests demanding documents detailing the legal basis for such filing requirement.

SO2 contacted petitioner by telephone, explaining once again that petitioner did not qualify for a face-to-face conference. SO2 nevertheless offered to meet with petitioner in the Los Angeles IRS Appeals Office on March 5, 2014, at the time already scheduled for the telephone conference. Petitioner declined this offer of a face-to-face meeting.

On March 5, 2014, SO2 called petitioner for the scheduled CDP hearing. Petitioner did not answer the phone or call back. Later that day, SO2 mailed petitioner a "last chance letter" stating that, if he did not hear from petitioner within

**[*6]** 14 days, he would make his decision based on the existing administrative file. On March 10, 2014, petitioner wrote SO2 reiterating his demand for a face-to-face hearing but provided none of the requested documents.

At this point SO2 reviewed the administrative file and confirmed that the tax, interest, additions to tax, and penalties for 2004, 2006, and 2008 had been properly assessed and that all requirements of applicable administrative procedure had been met. SO2 concluded that petitioner did not qualify for a collection alternative because he had not requested such an alternative and in any event had failed to submit the required financial information. SO2 accordingly closed the case and, on April 1, 2014, sent petitioner a notice of determination sustaining the tax lien filing.

Petitioner timely sought review in this Court. The sole allegation of error set forth in his petition is that SO2's denial of a face-to-face hearing violates section 6330(b)(1) and the Due Process Clause of the U.S. Constitution. Respondent moved for summary judgment. Petitioner replied to this motion with a one-page objection; he did not address the relevant facts or law but simply insisted that the case be remanded to the IRS Appeals Office "for a meaningful hearing." Petitioner signed that document as "Private Citizen Kenneth A. McRae, Republic State of California."

**[*7]**                              <u>Discussion</u>

A.    <u>Summary Judgment</u>

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d).

In directing petitioner to respond to the summary judgment motion, the Court instructed him to "point out the specific facts in dispute." His one-page response refers to no facts at all, much less any facts in dispute. We conclude that this case is appropriate for summary adjudication.

B.    <u>Standard of Review</u>

Where the amount of a taxpayer's underlying tax liability is properly at issue in a CDP case, we review the Commissioner's determination de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). We review the settlement offi-

[*8] cer's determinations regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Petitioner was entitled to contest the frivolous return penalties at his CDP hearing because he "did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). This Court may consider such a challenge, however, only if the taxpayer properly raised it before the settlement officer, Giamelli v. Commissioner, 129 T.C. 107, 115 (2007), and again in his petition to this Court, see Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."). An issue is not properly raised at the Appeals Office if the taxpayer fails to request consideration of the issue or fails to present any evidence after being given a reasonable opportunity to do so. Sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Thompson v. Commissioner, 140 T.C. 173, 178 (2013) (citing Giamelli, 129 T.C. at 114).

In order to raise in this Court his liability for the frivolous return penalties, petitioner was required to contest those penalties explicitly at the CDP hearing and present evidence concerning his liability for them. Our review of the record estab-

**[\*9]** lishes that petitioner did not clearly do the former and definitely did not do

the latter. Indeed, the only argument that he clearly advanced at the Appeals

Office or in this Court was his supposed entitlement to a face-to-face hearing.

Because petitioner did not properly raise his underlying tax liability at the CDP

hearing or in his petition, we may not consider it. We will accordingly review

SO2's determination for abuse of discretion only.

C. Analysis

In deciding whether a settlement officer abused his discretion in sustaining

an NFTL, we consider whether he: (1) properly verified that the requirements of

any applicable law or administrative procedure have been met; (2) considered any

relevant issues petitioner raised; and (3) determined whether "any proposed col-

lection action balances the need for the efficient collection of taxes with the

legitimate concern of * * * [petitioner] that any collection action be no more

intrusive than necessary." Sec. 6330(c)(3).

Assuming arguendo that we may properly consider the verification

requirement, our review of the administrative record establishes that SO2 properly

verified that the IRS fulfilled all legal and regulatory requirements for assessment,

notification, and collection of the underlying liabilities. See Dinino v.

Commissioner, T.C. Memo. 2009-284 (citing Rule 331(b)(4) for the proposition

[*10] that the Court is required to consider the verification requirement under section 6330(c)(1) only if the taxpayer has adequately raised the issue in his petition); see also Triola v. Commissioner, T.C. Memo. 2014-166, at *9. Additionally, we conclude that SO2 appropriately balanced the need for efficient collection with petitioner's interests.  Petitioner failed to propose any collection alternative or present the necessary documents to be eligible for one.  We have repeatedly held that a settlement officer does not abuse his discretion when he declines to consider a collection alternative under these circumstances.  See McLaine v. Commissioner, 138 T.C. 228, 243 (2012); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); Orum v. Commissioner, 123 T.C. 1, 13 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005).

Petitioner's sole contention is that SO2 abused his discretion in not providing him a face-to-face hearing.  The regulations provide that a "CDP hearing may, but is not required to, consist of a face-to-face meeting."  Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  We have repeatedly held that a face-to-face CDP hearing is not required.  Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188; Stockton v. Commissioner, T.C. Memo. 2009-186.  The denial of a face-to-face hearing does not constitute an abuse of discretion where (as here) a taxpayer fails to present

[*11] relevant evidence and refuses to provide requested financial information. Toth v. Commissioner, T.C. Memo. 2010-227; Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 Fed. Appx. 675 (10th Cir. 2010). If a face-to-face meeting is not held, a hearing conducted by telephone, correspondence, or review of documents will suffice. See sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.

Petitioner was repeatedly advised that he had to provide relevant documentation (Form 433-A and completed tax returns for 2011 and 2012) in order to be eligible for a face-to-face hearing. He repeatedly refused to submit these documents. SO2 would not have abused his discretion by denying him a face-to-face hearing outright. Nonetheless, SO2 offered petitioner a face-to-face hearing at the date and time already scheduled for the telephone hearing, and petitioner declined that offer. Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action.

To reflect the foregoing,

An appropriate order and decision will be entered.