**David Franklin DAY; Ronda Ching Day, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 14-73745**

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2017 *

Filed June 30, 2017

David Franklin Day, Pro Se

Ronda Ching Day, Pro Se

Paul Andrew Allulis, Bridget Maria Rowan, Attorney, DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, DOJ—U.S. Department of Justice, Washington, DC, Robert R. Di Trolio,

Esquire, Clerk, U.S. Tax Court, Washington, DC, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent-Appellee

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

David Franklin Day and Ronda Ching Day appeal pro se from the Tax Court's order sustaining the Commissioner of Internal Revenue's proposed levy action in connection with the Days' income tax liabilities. We review de novo the Tax Court's legal conclusions and for clear error its findings of fact. *Charlotte's Office Boutique, Inc. v. Comm'r,* 425 F.3d 1203, 1211 (9th Cir. 2005). We affirm.

The Tax Court determined properly that the Days' interest-abatement claim for tax year 2001 should be excluded from the collection due process ("CDP") hearing because the Days failed to raise the claim properly during the CDP hearing and support it with evidence. *See* 26 C.F.R. § 301.6330-1(f)(2), Q & A F-3 (stating that Tax Court may consider only issues that were raised properly and supported with evidence in the CDP hearing); *Brecht v. Comm'r,* T. C. Memo 2008-213, No. 11470-07L (Sept. 15, 2008) (ruling that tax abatement claim was not raised with "sufficient specificity" in CDP hearing despite a "general request by petitioners to abate interest").

The Days' interest-abatement claim for tax year 2002 was properly excluded from the CDP hearing because the Days signed a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

which waived their right to contest the assessment and collection of their 2002 tax year deficiency and any interest provided by law.

The Tax Court properly upheld the denial of the Days' requests for a face-to-face CDP hearing because there is no right to a face-to-face CDP hearing and the Days failed to raise any relevant, non-frivolous reasons to disagree with the proposed levy. *See* 26 C.F.R. § 301.6330-1(d)(2), A-D6 ("A CDP hearing may, but is not required to, consist of a face-to-face meeting.... ") & A-D7 ("[A] taxpayer who presents in the CDP hearing request relevant, non-frivolous reasons for disagreement with the proposed levy will ordinarily be offered an opportunity for a face-to-face conference at the Appeals office closest to taxpayer's residence.").

We reject as without merit the Days' contention that the denial of their requests for a face-to-face CDP hearing is inconsistent with Internal Revenue Service policy.

We do not consider the Days' equal protection challenge to the denial of their requests for a face-to-face CDP hearing because the Days failed to raise this issue in the Tax Court and have not established exceptional circumstances. *See Monetary II Ltd. P'ship v. Comm'r*, 47 F.3d 342, 347 (9th Cir. 1995) (absent showing of exceptional circumstances, court will not consider arguments not raised before the Tax Court).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.