T.C. Memo. 2017-155

UNITED STATES TAX COURT

KENTON RIDGEWAY FLEMING, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4925-12L.                    Filed August 8, 2017.

Kenton Ridgeway Fleming, pro se.

Christopher D. Bradley and Peter T. McCary, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, Judge:  Petitioner, while residing in Georgia, timely filed a petition

seeking review of respondent's notice of determination for 2005, 2006, and 2007.

We granted respondent's motion for summary judgment as to all but the 2005 year

**[\*2]** as material issues of fact were in dispute regarding the mailing of the notice of deficiency for the 2005 tax year.

FINDINGS OF FACT

I.  2005 Income Tax

On or about October 15, 2006, petitioner submitted to the Internal Revenue Service (IRS) a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2005.  He entered zeros on the lines for wages, gross income, taxable income, and tax due and claimed that he was entitled to a refund of $5,031.[1]  The IRS did not process the Form 1040 but instead prepared a substitute for return pursuant to section 6020(b).[2]

Respondent then prepared a statutory notice of deficiency, dated August 12, 2009, addressed to petitioner at his correct (last known) address, in which respondent determined that petitioner is liable for an income tax deficiency of $46,569, and additions to tax under sections 6651(a)(1) and (2) and 6654(a) of

---

[1]  Unless otherwise indicated all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.  All monetary amounts are rounded to the nearest dollar.

[2] The IRS considered petitioner's Form 1040 to be a frivolous attempt to file a tax return and assessed a $500 frivolous return penalty against petitioner under sec. 6702(a).  The Court sustained the collection of that penalty.  Fleming v. Commissioner, T.C. Dkt. No. 14357-10L (Mar. 16, 2012).

[*3] $10,475, $8,612, and $1,867, respectively, for 2005. On the cover page of the notice of deficiency is U.S. Postal Service (USPS) certified mail No. 7112 7667 8555 2153 5231. The record also includes a copy of USPS Form 3877, Certified Mail List (Form 3877), dated August 12, 2009, which indicates that respondent sent an item of certified mail to petitioner on that date bearing an identical certified mail No. 7112 7667 8555 2153 5231. The address on the Form 3877 and on the notice of deficiency matches petitioner's address at that time and at present. Sharon Jones is a supervisory IRS agent in the Technical Services Department overseeing issuance of statutory notices of deficiency in examination cases and is familiar with the IRS' procedure for issuing and mailing notices of deficiency and generating Forms 3877. The IRS' normal practice is to generate a Form 3877 only when mailing notices of deficiency. It also is the IRS' normal practice to retain a copy of the Form 3877 bearing a dated USPS postmark in the records, but, contrary to that normal practice, the Form 3877 that was retained in this case does not bear a USPS postmark. The record does not include a copy of USPS Form 3811, Domestic Return Receipt (referred to as a "green card" by petitioner), for the item. But petitioner did not always pick up certified mail sent by the IRS when he received a green card notification.

[*4]  Petitioner failed to file a timely petition for redetermination with the Court pursuant to section 6213(a).  In due course, respondent assessed the income tax and additions to tax determined in the notice of deficiency, along with statutory interest.

A Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, reflects that, at the time respondent entered the 2005 assessment, he also issued petitioner a notice and demand for payment.

II.  Collection Proceedings

On June 9, 2011, respondent mailed petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing regarding his unpaid income tax liability and additions to tax for the taxable year 2005 and unpaid civil penalties for the taxable years 2006 and 2007.  Petitioner responded to this notice by timely submitting to IRS' Appeals Office a Form 12153, Request for Collection Due Process or Equivalent Hearing, in which he vaguely asserted that he had not received required notices from respondent.

The Appeals Office assigned petitioner's case to Settlement Officer Stephan R. Harding (SO Harding).  On August 29, 2011, SO Harding sent petitioner a letter scheduling a telephonic administrative hearing for September 21, 2011, and inviting him to provide necessary financial information if he wanted to offer an

**[\*5]** alternative to the proposed levy (e.g., an offer-in-compromise or an installment agreement). Petitioner did not contact SO Harding for the scheduled telephonic conference. On September 21, 2011, SO Harding sent a second letter to petitioner offering a two-week extension of time for him to submit information related to the proposed levy action.

On September 29, 2011, SO Harding received a letter from petitioner stating that he did not understand why respondent had scheduled an administrative hearing and did not intend to participate in a telephonic conference but preferred to have either a face-to-face hearing or a correspondence hearing.

On January 19, 2012, the Appeals Office issued petitioner a notice of determination sustaining the proposed levy action. Petitioner responded to this notice by filing a timely petition for review with the Court under section 6330 asserting that "[t]he assessments and penalties regarding the tax years in question were unlawfully assessed, in that there is no valid deficiency. Moreover, the returns I sent were correct and true. Generally, the IRS failed to follow procedure as set forth by statute."

By order dated September 10, 2015, at respondent's request, the Court remanded petitioner's case to the Appeals Office for further proceedings. By letter dated October 8, 2015, SO Harding invited petitioner to a face-to-face hearing on

[*6] October 27, 2015, and requested that he bring with him a properly completed 2005 Form 1040X, Amended U.S. Individual Income Tax Return, if he intended to challenge the assessment entered against him for that year. Despite a series of letters and voicemail messages, the parties did not have a further administrative hearing, and petitioner did not produce a properly completed 2005 Form 1040X. On December 17, 2015, the Appeals Office issued petitioner a supplemental notice of determination sustaining the proposed levy action.

OPINION

Where the validity of the underlying tax liability is in issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). When, as here, the IRS prepares a substitute for return pursuant to section 6020(b), the taxpayer may raise his liability in an administrative hearing if he did not receive a notice of deficiency or otherwise have a prior opportunity to contest the liability. See sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). But this Court considers a taxpayer's challenge to his underlying liability in a collection action case only if he properly raised that challenge at the administrative hearing. Giamelli v. Commissioner, 129 T.C. 107, 114-115 (2007); see sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised at the administrative

**[*7]** hearing if the taxpayer fails to request consideration of that issue by the settlement officer or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. Giamelli v. Commissioner, 129 T.C. at 115-116; see McRae v. Commissioner, T.C. Memo. 2015-132, at *8-*9 (holding that the taxpayer failed to contest his underlying liability explicitly during the administrative hearing and failed to provide any evidence concerning his liability); see also Zook v. Commissioner, T.C. Memo. 2013-128, at *6-*7 (holding that the taxpayer failed to raise her underlying liabilities properly when she failed to provide any documentation of the underlying liabilities and asserted frivolous arguments).

The settlement officer must verify that the requirements of any applicable law or administrative procedure have been met, consider issues properly raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(b), (c)(3). Where the validity of the underlying tax liability is not properly at issue, the Court will review the settlement officer's administrative determination on the issues above for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610.

[*8] I.  <u>Mailing of the Notice of Deficiency</u>

Petitioner argues that the notice of deficiency for 2005 was not sent to his last known address.  Where, as here, a taxpayer identifies an irregularity in the assessment procedure, the settlement officer cannot rely solely on tax transcripts to verify that a notice of deficiency has been sent.  <u>See</u> <u>Hoyle v. Commissioner</u>, 131 T.C. 197, 205 n.7 (2008) ("[W]here a taxpayer alleges no notice of deficiency was mailed he has * * * '[identified] an irregularity[.]'" (Alteration in original.)).  Instead, the settlement officer is directed to examine "underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list".  <u>See</u> <u>id.</u> (quoting Chief Counsel Notice CC-2006-19 (Aug. 18, 2006)); <u>Schlegel v. Commissioner</u>, T.C. Memo. 2016-90, at *10; <u>Marlow v. Commissioner</u>, T.C. Memo. 2010-113, 2010 WL 2011617, at *8 n.4; <u>Casey v. Commissioner</u>, T.C. Memo. 2009-131.

Petitioner's sole evidence that the notice of deficiency was not properly mailed, and therefore is invalid, is his testimony that he did not receive the 2005 notice of deficiency and his testimony that he always picked up certified mail when he received a "green card" notification.  We did not find petitioner's testimony credible.  Petitioner admitted that on more than one occasion he did not pick up certified mail sent by respondent, contradicting his prior testimony.  Thus,

**[*9]** at most petitioner's testimony establishes that he may not have picked up the notice of deficiency. But we hold that this is not sufficient to undercut the actual evidence respondent offered at trial that the notice of deficiency was properly mailed to petitioner's last known address, including the incomplete Form 3877 and copy of the notice of deficiency each showing petitioner's last known address. See Snodgrass v. Commissioner, T.C. Memo. 2016-235, at *15; see also Coleman v. Commissioner, 94 T.C. 82, 91 (1990). While the lack of a USPS postmark on the Form 3877 in respondent's files means that respondent is not entitled to a presumption of mailing, see Snodgrass v. Commissioner, at *14; Schlegel v. Commissioner, at *10-*11; see also Meyer v. Commissioner, T.C. Memo. 2013-268, we find that the incomplete Form 3877 and the notice of deficiency in the record along with the credible testimony of an IRS supervisory agent who was familiar with the processing of notices of deficiency that Forms 3877 are not created except when notices of deficiency are mailed is sufficient to overcome petitioner's inconsistent testimony that we did not find credible; Weiss v. Commissioner, 147 T.C. 179, 191-194 (2016), appeal filed (D.C. Cir. Nov. 23, 2016); see Snodgrass v. Commissioner, at *15; Woody v. Commissioner, T.C. Memo. 2016-201, at *8-*9; Schlegel v. Commissioner, at *11; Figler v. Commissioner, T.C. Memo. 2005-230; see also Cataldo v. Commissioner, 60 T.C.

**[\*10]** 522, 524 (1973) ("[W]hether a notice was returned is not an essential part of the proof required to show that a notice has been properly mailed."), aff'd, 499 F.2d 550 (2d Cir. 1974).

## II. Right To Challenge Underlying Liabilities

If we accepted petitioner's testimony that he did not receive the properly mailed notice of deficiency, he would be entitled to challenge his underlying liabilities. The administrative record shows that he was given that opportunity and did not take it.

Petitioner's failure to present evidence as to his correct tax liability or to provide requested financial information amounts to a failure properly to raise the issue of his underlying liability at the administrative hearing. See McRae v. Commissioner, at \*8-\*9; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Because petitioner failed to raise his underlying liability properly at his administrative hearing with SO Harding, he is not entitled to do so now. Because his underlying liability is not properly before us, we review SO Harding's determination for abuse of discretion only. See Goza v. Commissioner, 114 T.C. at 182; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

**[*11]** III.  Abuse of Discretion

At the administrative hearing a taxpayer is expected to provide relevant information requested by the settlement officer for consideration of the facts and issues involved in the hearing.  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Petitioner refused to participate in the scheduled telephonic administrative hearing and failed to submit the financial information and past-due returns requested by SO Harding.[3]  Petitioner was not in compliance with his Federal income tax return filing obligations, nor did he present any collection alternatives.  A settlement officer does not abuse his discretion when he declines to consider a collection alternative under these circumstances.  See Huntress v. Commissioner, T.C. Memo. 2009-161 (holding no abuse of discretion when the settlement officer rejects collection alternatives where the taxpayer offered none, failed to provide financial information, and was not current with filing and payment obligations); Lance v. Commissioner, T.C. Memo. 2009-129 (holding no abuse of discretion

---

[3] Petitioner did not argue in his petition, pretrial memorandum, or at trial that SO Harding abused his discretion by denying petitioner's requests for a face-to-face hearing and to audio record the hearing.  In any event, our review of the administrative record confirms no abuse of discretion here.  Calafati v. Commissioner, 127 T.C. 219, 228 (2006); see, e.g., Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 F. App'x 675 (10th Cir. 2010).

[*12] when taxpayer fails to provide financial information); sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.

Once a taxpayer has been given a reasonable opportunity for a hearing but fails to avail himself of it, the Commissioner may proceed to make a determination based on the case file as was done here. See Oropeza v. Commissioner, T.C. Memo. 2008-94 (upholding a determination based on the case file where the taxpayer refused to participate in an administrative hearing either in person or by telephone), aff'd, 402 F. App'x 221 (9th Cir. 2010); secs. 301.6330-1(d)(2), Q&A-D7 and Q&A-D8, 301.6330-1(f)(2), Q&A-F4, Proced. & Admin. Regs. Our review of the record reveals no abuse of discretion here.

Petitioner in his pretrial memorandum argued: "Assessment of penalties with respect to the tax year in question (2005), have not been made according to the requirements of law, and are therefore fraudulent, in that no Manager Approval was ever made". The additions to tax in the underlying notice of deficiency, under sections 6651(a)(1) and (2) and 6654(a), however, are not subject to section 6751(b)(1). See sec. 6751(b)(2)(A). Therefore, SO Harding was not required to verify that the additions to tax assessed against petitioner under sections 6651(a) and 6654(a) were approved by a supervisor.

**[*13]** IV.  <u>Section 6673 Penalty</u>

Finally, petitioner has been warned that he appeared to be taking positions that we have deemed frivolous or groundless or intended for delay.  We advised him that section 6673(a)(1)(A) authorizes the Court to impose a penalty of up to $25,000 for frivolous and groundless arguments or whenever it appears to the Court that "proceedings before * * * [us] have been instituted or maintained by the taxpayer primarily for delay".  And he should have been aware of the possible consequences of his positions as we have imposed a section 6673 penalty on him before.  <u>Fleming v. Commissioner</u>, T.C. Dkt. No. 14357-10L (Mar. 16, 2012) (imposing $1,500 penalty).  His tactics and positions here appear to us to be frivolous or groundless or intended for delay.  We therefore will impose a penalty of $5,000 and advise petitioner that greater penalties may follow if he persists in taking frivolous and groundless positions and using Court proceedings for delay.

Conclusion

On the basis of our review of the evidence offered at trial, the Court concludes that SO Harding satisfied the verification requirements of section 6330 and he did not abuse his discretion in sustaining the notice of intent to levy.  Any contentions we have not addressed are irrelevant, moot, or meritless.

**[\*14]**     To reflect the foregoing,

        <u>An appropriate order and</u>

<u>decision will be entered</u>.