# United States Tax Court

T.C. Memo. 2022-121

OUATTARA S. MAMADOU,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 9759-21L.                    Filed December 19, 2022.

————

Ouattara S. Mamadou, pro se.

*Marissa J. Savit*, *Thomas A. Deamus*, and *Marie E. Small*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: In this collection due process (CDP) case, petitioner seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) regarding collection action for tax years 2015 and 2016.[1] Respondent has filed a Motion for Summary Judgment contending that petitioner is not entitled to challenge his underlying tax liabilities and that the settlement officer (SO) did not abuse her discretion. We agree and accordingly will grant the Motion.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*2]                              *Background*

The following facts are based upon the parties' pleadings, Motion papers, declarations, and attached Exhibits, which include the administrative record of the CDP proceeding. *See* Rule 121(b). Petitioner resided in New York when he filed his Petition.

Petitioner filed timely Federal income tax returns for 2015 and 2016. The IRS commenced an examination of those returns upon receiving third-party reports showing items of income that petitioner had failed to report. On March 22, 2018, the IRS issued petitioner a timely notice of deficiency determining deficiencies of $28,364 and $15,980 for 2015 and 2016, respectively. The notice determined additional income as shown in the third-party reports and disallowed certain itemized and business expense deductions.[2]

The notice of deficiency was sent by certified mail to petitioner at his last known address, an apartment in Bronx, New York (Bronx address). The Bronx address was the address shown on petitioner's most recently filed Federal income tax return, that is, his 2016 return filed on April 15, 2017. The Bronx address is petitioner's address of record with this Court, and it is the address that he has used at all relevant times in his correspondence with the IRS.

Petitioner did not timely petition this Court in response to the notice of deficiency. Accordingly, on August 13, 2018, respondent assessed the additional tax liabilities as determined in the notice. Petitioner did not pay these liabilities upon notice and demand for payment.

On June 6, 2019, in an effort to collect petitioner's 2015 and 2016 liabilities, the IRS filed a Notice of Federal Tax Lien (NFTL) and sent petitioner a Letter 3172 (lien notice) notifying him of his right to a CDP hearing. The lien notice was sent by certified mail and was addressed to petitioner at the Bronx address.

Petitioner timely requested a CDP hearing, listing the Bronx address as his current address. In his hearing request he did not propose a collection alternative. Rather, he stated that he "ha[d] not been given

---

[2] The notice of deficiency also determined accuracy-related penalties for both years, but respondent has conceded (and abated) those penalties for inability to show timely supervisory approval under section 6751(b)(1). *See infra* p. 4.

[*3] a chance to fight the deficiency determination" and wanted to challenge his underlying liability for each year.

The case was assigned to an SO from the IRS Office of Appeals (Appeals) in Atlanta, Georgia.[3] On January 28, 2020, the SO sent petitioner a letter, again mailed to the Bronx address, scheduling a telephone CDP hearing for March 31, 2020. The SO indicated that petitioner should call to reschedule if he could not keep that appointment.

The SO's letter noted that the proposed conference would be petitioner's main opportunity to explain why he disagreed with the collection action and to discuss collection alternatives. The SO explained that she would be unable to consider a collection alternative unless petitioner sent her a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial information.

Petitioner did not call in for the scheduled conference, did not request that it be rescheduled, and did not supply any financial information. On April 9, 2020, the SO sent petitioner a "last chance" letter informing him that he had 14 days to call her or send additional information; otherwise, she would close the case. Petitioner did not respond to that letter. On July 27, 2020, following a "COVID 19 suspension," the SO sent petitioner another last chance letter. Again he failed to respond.

In January 2021 the SO verified the propriety of the assessments by reviewing copies of the notice of deficiency and the U.S. Postal Service (USPS) certified mail list on which the notice appeared. On January 14, 2021, having received no communication from petitioner since his initial request for a CDP hearing, the SO closed the case. On February 26, 2021, the IRS sent petitioner a notice of determination sustaining the NFTL filing. The letter acknowledged petitioner's assertion that he "did not have the opportunity to dispute the notice of deficiency." But because he supplied no relevant information and failed to participate in the telephone conference, his dispute regarding his underlying liabilities "was not considered."

Petitioner timely petitioned this Court for review, listing his address as the Bronx address. In his Petition he sought to challenge his

---

[3] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

[*4] underlying tax liabilities for 2015–2016. He stated that he was an independent contractor and alleged that the IRS had failed to allow deductions for his "self-employed expenses."

On March 18, 2022, after several unsuccessful efforts to communicate with petitioner, respondent filed a Motion to Dismiss for Failure to Properly Prosecute. On April 6, 2022, petitioner filed a handwritten Response, asserting that he did not receive the notice of deficiency for 2015–2016. He also attached a copy of IRS Form 668(Z), Certificate of Release of Federal Tax Lien, indicating that the tax liens for 2015–2016 had been released on February 9, 2022.

This case was called from the calendar in New York, New York, on April 11, 2022. There was no appearance by or on behalf of petitioner. Respondent appeared and explained that the tax liens had been released in error. Counsel for respondent represented that, upon determining that the IRS could not show timely supervisory approval for the penalties, she asked the Service Center to abate the penalties, but it erroneously abated the deficiencies as well. Counsel explained that the erroneous abatement of the deficiencies had been reversed, but not in time to prevent issuance of the Form 668(Z), which released the liens.

By Order served April 15, 2022, we denied without prejudice respondent's Motion to Dismiss. We subsequently set the case for a remote hearing on June 13, 2022, in which petitioner participated by telephone. He asserted that he had a lawyer, but no counsel has ever entered an appearance for him in this case.

During the hearing we suggested that the case might be resolved via motion for summary judgment. On June 29, 2022, we directed respondent to file a motion for summary judgment by August 15, 2022, and directed petitioner to respond by September 28, 2022. Our Order warned petitioner that, "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a motion for summary judgment." On August 5, 2022, respondent filed a Motion for Summary Judgment, but petitioner failed to respond.

*Discussion*

A.   *Jurisdiction*

In his CDP hearing request petitioner challenged his underlying tax liabilities for 2015–2016. In the notice of determination the SO determined that petitioner's underlying liability challenge would not be

[*5] considered, that he was entitled to no collection alternative, and that the NFTL filings were proper. Because of a clerical error, the tax liens for 2015–2016 have been released, but the abatements of the deficiency assessments have been reversed. Petitioner thus continues to have outstanding tax liabilities for 2015–2016, and he seeks to dispute those liabilities in this Court.

This Court has jurisdiction to review the "determination" made by the IRS following a CDP hearing. *See* §§ 6330(d)(1), 6320(c). Withdrawal of a Federal tax lien, in and of itself, does not prevent us from exercising jurisdiction over the remaining issues in a case. *See First Rock Baptist Church Child Dev. Ctr. v. Commissioner*, 148 T.C. 380, 388 (2017); *see also Vigon v. Commissioner*, 149 T.C. 97, 104, 105–07 (2017). Despite the inadvertent withdrawal of the liens, we retain jurisdiction to consider petitioner's challenge to his underlying tax liabilities and the SO's exercise of discretion.

B.    *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant a motion for summary judgment when the record reveals that there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials in his pleadings; instead, he must set forth specific facts demonstrating that a genuine dispute exists for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

Because petitioner did not respond to the Motion for Summary Judgment, we could enter a decision against him for that reason alone. *See* Rule 121(d). We will nevertheless consider the Motion on its merits. We conclude that no material facts are in genuine dispute and that this case is appropriate for summary adjudication.

C.    *Standard of Review*

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked

**[\*6]** out by our precedents. Where the validity of a taxpayer's underlying liability is properly at issue, we review the IRS's determination de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where the taxpayer's underlying liability is not properly before us, we review the IRS's determination for abuse of discretion only. *Jones v. Commissioner*, 338 F.3d 463, 466 (5th Cir. 2003); *Goza*, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

D.　*Underlying Liabilities*

A taxpayer may challenge his underlying tax liability at a CDP hearing only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity" to dispute it. § 6330(c)(2)(B). For purposes of determining whether a taxpayer can raise a liability challenge under section 6330(c)(2)(B), actual receipt of the statutory notice must be determined. *See Sego*, 114 T.C. at 610–11. A notice of deficiency is presumed to have been received by the taxpayer if it was properly mailed to him at his last known address. *See* § 6212(b)(1); *Hoyle v. Commissioner*, 131 T.C. 197, 200, 203–04 (2008), *supplemented by* 136 T.C. 463 (2011). A taxpayer's last known address is generally the address appearing on his "most recently filed and properly processed Federal tax return." Treas. Reg. § 301.6212-2(a).

Respondent bears the burden of proving, by competent and persuasive evidence, the proper mailing of the notice of deficiency. *Coleman v. Commissioner*, 94 T.C. 82, 90 (1990). Generally, if the IRS establishes that the notice existed and produces a USPS certified mail list showing that the notice was sent to the taxpayer's last known address, the IRS is entitled to a presumption of proper mailing. *See O'Rourke v. United States*, 587 F.3d 537, 540 (2d Cir. 2009); *Coleman*, 94 T.C. at 90–91. If a taxpayer fails to rebut this presumption, the Court may find that the taxpayer received the notice. *See Sego*, 114 T.C. at 611.

Respondent has supplied a USPS certified mail list showing that the notice of deficiency for 2015–2016 was sent via certified mail to petitioner at his Bronx address. The SO subsequently verified that this address was petitioner's last known address. Petitioner does not dispute that the Bronx address was his last known address, and several facts support the conclusion that it has been his correct address at all relevant times. Petitioner listed the Bronx address on his 2016 tax return, filed

[*7] April 15, 2017. He received the lien notice at the Bronx address and showed the Bronx address as the return address on his CDP hearing request. The Bronx address has been his address of record with this Court at all relevant times: He listed the Bronx address as his address on his Tax Court Petition, on a subsequent amendment to his Petition, and in his Response to the Motion to Dismiss.

Petitioner asserted in his Response to the Motion to Dismiss that he did not receive the notice of deficiency. But he has supplied no evidence to support the plausibility of that assertion. He has evidently resided at the Bronx address at least since April 2017, well before the notice of deficiency was issued, and he has repeatedly received mail at that address from the IRS and this Court. Petitioner's allegations are insufficient to overcome the presumption of official regularity. *See Sego*, 114 T.C. at 611. We find that respondent has carried his burden of showing that petitioner actually received the notice of deficiency. *See Golditch v. Commissioner*, T.C. Memo. 2010-260, 100 T.C.M. (CCH) 477, 480 (citing *Sego*, 114 T.C. at 611).

Assuming arguendo that petitioner did not receive the notice of deficiency, he was entitled to dispute his underlying tax liabilities at the CDP hearing. But this right entailed certain reciprocal obligations on his part. To preserve an underlying liability challenge in this Court, a taxpayer must *properly raise* that challenge at the CDP hearing. *Thompson v. Commissioner*, 140 T.C. 173, 178 (2013); *see Giamelli v. Commissioner*, 129 T.C. 107, 113 (2007). "An issue is not properly raised if the taxpayer fails . . . to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity" to do so. Treas. Reg. § 301.6320-1(f)(2), Q&A-F3; *see Giamelli*, 129 T.C. at 112–16. In other words, the taxpayer must explain what he believes his correct tax liability to be and supply the SO with some evidence to support that position. *See Giamelli*, 129 T.C. at 112–16; *Fleming v. Commissioner*, T.C. Memo. 2017-155, 114 T.C.M. (CCH) 180, 182 (citing *McRae v. Commissioner*, T.C. Memo. 2015-132, 110 T.C.M. (CCH) 89, 91); Treas. Reg. § 301.6320-1(f)(2), Q&A-F3.

Petitioner did not submit during the CDP hearing any evidence that would tend to dispute the existence or amounts of his 2015–2016 tax liabilities. Indeed, he did not participate in the CDP hearing or communicate with the SO after filing his hearing request. *See Sullivan v. Commissioner*, T.C. Memo. 2019-153, 118 T.C.M. (CCH) 415, 417. Because petitioner did not properly raise an underlying liability challenge

**[\*8]** at the CDP hearing, that issue is not before this Court. We thus review the SO's action for abuse of discretion only.

E. *Abuse of Discretion*

In deciding whether the SO abused her discretion we consider whether she: (1) properly verified that the requirements of applicable law or administrative procedure were met, (2) considered relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." § 6330(c)(3); *see* § 6320(c). Our review of the record establishes that the SO properly discharged all of her responsibilities under sections 6320(c) and 6330(c).

The SO properly verified the assessments by requesting and reviewing the notice of deficiency and the certified mail list. She reasonably concluded that petitioner did not qualify for a collection alternative. Petitioner proposed no such alternative, and he declined to supply the financial information requisite to determining whether he was entitled to one. Either of these failings by itself is disqualifying. *See Gentile v. Commissioner*, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77 (no alternative proposed), *aff'd*, 592 F. App'x 824 (11th Cir. 2014); *Coleman v. Commissioner*, T.C. Memo. 2010-51, 99 T.C.M. (CCH) 1213, 1215 (no financial information provided), *aff'd*, 420 F. App'x 663 (8th Cir. 2011).

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise or an installment agreement, supported by the requisite financial information.

To reflect the foregoing,

*An appropriate order and decision will be entered for respondent.*