# United States Tax Court

T.C. Memo. 2024-101

DAVID JAMES DICK, JR.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

———————

Docket No. 2456-23L.                    Filed October 31, 2024.

———————

David James Dick, Jr., pro se.

*Ayanna A. Dmoch*, *Erika B. Cormier*, and *Patrick F. Gallagher*, for respondent.


## MEMORANDUM OPINION

URDA, *Judge*:  In this collection due process (CDP) case petitioner, David James Dick, Jr., seeks review pursuant to section 6330[1] of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals Office) upholding a notice of intent to levy (Notice) with respect to unpaid federal income tax liabilities for his 2011–16 and 2018 taxable years.  The Commissioner has moved for summary judgment, contending that there are no disputed issues of material fact and that the determination to sustain the Notice was proper as a matter of law.  We agree and will grant summary judgment for the Commissioner.

———————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary values to the nearest dollar.

[*2]                                   *Background*

The following uncontroverted facts are derived from the petition, the administrative record of the CDP hearing, and the other filings in this case. Mr. Dick lived in Rhode Island when he timely petitioned this Court.

## I.    *Mr. Dick's Tax Liabilities*

Mr. Dick filed federal income tax returns for his 2011–16 and 2018 tax years, reporting taxable income of $55,119, $65,106, $138,096, $80,449, $78,793, $52,596, and $68,211, respectively. Mr. Dick failed to fully pay the liabilities shown on these returns. The IRS accordingly assessed the reported tax liabilities and statutory interest, as well as additions to tax for failure to timely file his tax returns, *see* I.R.C. § 6651(a)(1), and failure to timely pay tax, *see* I.R.C. § 6651(a)(2). As of June 28, 2021, Mr. Dick's outstanding tax liabilities totaled $58,489.

## II.   *CDP Hearing and Tax Court Petition*

As part of its efforts to collect Mr. Dick's unpaid 2011–16 and 2018 liabilities, the IRS issued the Notice, which apprised him of his right to request a CDP hearing pursuant to section 6330. Mr. Dick thereafter submitted a timely request for a CDP hearing, checking the box entitled "I Cannot Pay Balance."[2]

The case was later assigned to an appeals officer in the Appeals Office, who scheduled a telephone hearing for September 27, 2022. In her scheduling letter, the appeals officer directed Mr. Dick to send a (1) completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, (2) various types of supporting financial documentation, and (3) signed tax returns for 2020 and 2021. The letter explained that the requested information was necessary so that the appeals officer might evaluate Mr. Dick's collection alternatives.

Before the scheduled hearing, Mr. Dick requested that his case be transferred to the East Coast (where he was working) so that he might have an in-person hearing. At that time, the appeals officer discussed

---

[2] In his CDP request Mr. Dick challenged the Notice, inter alia, with respect to his 2017, 2019, and 2020 tax years. The Notice at issue in this case, however, referenced only 2011–16 and 2018, leading the IRS to explain to Mr. Dick that no Notice had been issued with respect to 2017, 2019, and 2020.

[*3] with Mr. Dick collection alternatives such as currently-not-collectible status and offers-in-compromise, reminding him of his obligation to provide the requested information for the consideration of any collection alternative.

The case thereafter was transferred to an appeals officer in Connecticut, who scheduled a face-to-face hearing for December 1, 2022. In late November the appeals officer decided to delay the hearing until January 13, 2023, because Mr. Dick had not provided the requested financial documentation necessary to determine whether he qualified for currently-not-collectible status.

On January 5, 2023, Mr. Dick called the appeals officer. They held a lengthy discussion that, according to the appeals officer, "qualifie[d] as a conference." During their conversation Mr. Dick explained that he and his wife had been furloughed from their jobs and were facing foreclosure and bankruptcy. In response to Mr. Dick's questions the appeals officer explained the effect of a bankruptcy on both the CDP hearing and Mr. Dick's outstanding tax liabilities more generally. The appeals officer again requested that Mr. Dick submit his financial information, setting a deadline for January 13, 2023. This material was not provided by January 27, 2023, and the appeals officer closed the case.

The Appeals Office soon after issued a notice of determination, fully sustaining the proposed levy action and denying currently-not-collectible status.[3] The notice of determination rested this conclusion on Mr. Dick's failure to provide (1) requested financial information necessary to evaluate his request for currently-not-collectible status and (2) his delinquent tax returns, despite being given multiple opportunities to do so.

*Discussion*

I.    *General Principles*

A.    *Standard of Review*

We have jurisdiction to review the Appeals Office's determination pursuant to section 6330(d)(1). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the

---

[3] The notice of determination did not discuss the possibility of an offer-in-compromise.

[*4] underlying tax liability de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). We review all other determinations for abuse of discretion. *Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 182. In reviewing for abuse of discretion, we must uphold the Appeals Office's determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See, e.g.*, *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *Taylor v. Commissioner*, T.C. Memo. 2009-27, 2009 WL 275721, at *9.

## B.     *Scope of Review*

"[S]ummary judgment serves as a mechanism for deciding, as a matter of law, whether [an] agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)). Our decision in this case is most likely appealable to the U.S. Court of Appeals for the First Circuit, *see* I.R.C. § 7482(b)(1)(G)(i), which has held that our review is confined to the administrative record (subject to limited exceptions not applicable here), *see, e.g.*, *Murphy v. Commissioner*, 469 F.3d 27. We conclude that this case is ripe for summary adjudication based on the administrative record.

## II.     *Underlying Liability*

In his petition, Mr. Dick asserts that he is entitled to the abatement of penalties and interest on account of "medical hardships during 2010, 2016, 2017 and 2018." A request for abatement of additions to tax and interest constitutes a challenge to a taxpayer's underlying liability. *See Dykstra v. Commissioner*, T.C. Memo. 2017-156, at *16 ("A taxpayer's underlying tax liability includes penalties and additions to tax that are part of the unpaid tax that the Commissioner seeks to collect."); *Brennan v. Commissioner*, T.C. Memo. 2013-123, at *11–12; *Salahuddin v. Commissioner*, T.C. Memo. 2012-141, 2012 WL 1758628, at *5.

To preserve an underlying tax liability challenge in this Court, a taxpayer must properly raise that challenge during the CDP hearing. *Thompson v. Commissioner*, 140 T.C. 173, 178 (2013); *see Giamelli v. Commissioner*, 129 T.C. 107, 113 (2007). "An issue is not properly raised if the taxpayer fails . . . to present to Appeals any evidence with respect

[*5] to that issue after being given a reasonable opportunity to [do so]." Treas. Reg. § 301.6330-1(f)(2), Q&A-F3; *see Giamelli*, 129 T.C. at 112–16. "In other words, the taxpayer must explain what she believes her correct tax liability to be and supply the [appeals officer] with some evidence to support that position." *White v. Commissioner*, T.C. Memo. 2024-53, at *5; *see also Giamelli*, 129 T.C. at 112–16; *Fleming v. Commissioner*, T.C. Memo. 2017-155, at *7 (citing *McRae v. Commissioner*, T.C. Memo. 2015-132, at *8–9); Treas. Reg. § 301.6330-1(f)(2), Q&A-F3. The administrative record conclusively establishes that Mr. Dick did not raise the issue of abatement in the Appeals Office, and we will not entertain it at this stage. *See, e.g.*, *Fleming*, T.C. Memo. 2017-155, at *10 ("Because [the taxpayer] failed to raise his underlying liability properly at his administrative hearing . . . , he is not entitled to do so now.").

III.   *Abuse of Discretion*

In determining whether the Appeals Office abused its discretion, we consider whether the appeals officer (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Mr. Dick raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Mr. Dick] that any collection action be no more intrusive than necessary." I.R.C. § 6330(c)(3). Our review of the record establishes that the appeals officer satisfied all three requirements.

A.   *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011). Mr. Dick has not at any point in this case challenged the verification requirement, and we conclude from the record that the appeals officer conducted a thorough review of Mr. Dick's account transcripts and verified that all applicable requirements were met. *See* Rules 121(d), 331(b)(4).

B.   *Issue Raised*

In this Court Mr. Dick argues that the Appeals Office abused its discretion by not granting his request for currently-not-collectible status on grounds of medical hardship. Currently-not-collectible status "is a collection alternative that the taxpayer may propose, and that if

**[\*6]** proposed, the settlement officer must consider." *Bradley v. Commissioner*, T.C. Memo. 2024-7, at \*10. The administrative record establishes that Mr. Dick properly raised this issue in the Appeals Office.

Mr. Dick, however, failed to provide financial documentation and delinquent tax returns requested by the appeals officers, despite being given ample opportunity to do so. An appeals officer does not abuse his discretion in rejecting collection alternatives where a taxpayer does not provide requested financial information. *See Casement v. Commissioner*, T.C. Memo. 2024-68, at \*8; *Tucker v. Commissioner*, T.C. Memo. 2014-103, at \*27. "A taxpayer's failure to file all required returns, standing alone, is [likewise] sufficient to justify an Appeals officer's rejection" of collection alternatives. *Hartmann v. Commissioner*, T.C. Memo. 2024-46, at \*15; *see also Giamelli*, 129 T.C. at 111–12. Either of these failures justifies the appeals officer's rejection of currently-not-collectible status.

### C.    *Balancing Analysis*

Mr. Dick did not allege in his petition or argue at any later point that the appeals officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3)(C). He thus has conceded this issue. *See* Rules 121(d), 331(b)(4); *CreditGuard of Am., Inc. v. Commissioner*, 149 T.C. 370, 379 (2017). In any event, the appeals officer expressly concluded in the notice of determination that the proposed levy balanced the need for efficient tax collection with Mr. Dick's legitimate concerns about intrusiveness, given the absence of a collection alternative. We find in the record no basis for disturbing the appeals officer's conclusion in this regard.

### IV.    *Conclusion*

Finding no error in the appeals officer's decisions, we will grant summary judgment for the Commissioner and affirm the IRS's determination to sustain the levy for tax years 2011, 2012, 2013, 2014, 2015, 2016, and 2018.

To reflect the foregoing,

*An appropriate order and decision will be entered.*